UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JIMMY BYRD,
                      Petitioner,

          -against-                       MEMORANDUM DECISION
                                        AND ORDER
DAWSON BROWN, ACTING                 09 Civ. 5755 (GBD) (JCF)
SUPERINTENDENT, SING SING
CORRECTIONAL FACILITY,

                      Respondent.

------------------------------------x
GEORGE B. DANIELS, United States District Judge:

      Plaintiff Jimmy Byrd seeks a writ of habeaus corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for assault in the first and second degrees under New York State law. He alleges that (1) the admission of the victim's grand jury testimony at trial violated the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment; (2) the admission of expert testimony on Battered Woman Syndrome at trial violated the Due Process Clause of the Fifth and Fourtheenth Amendments; (3) the prosecutor's prejudicial statements at summation violated the Due Process Clause of the Fourteenth Amendment; and (4) the evidence was insufficient to prove assault in the first degree.

      This Court referred the matter to Magistrate Judge James Francis for his Report and Recommendation ("Report"). Magistrate Judge Francis issued a Report recommending that this Court deny the Petition.

      The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections

1

to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted). Petitioner timely objected to the Report.

Magistrate Judge Francis properly concluded that the use of Ms. Johnson's, Petitioner's common law wife, grand jury testimony did not violate Defendant's Sixth Amendment rights because Petitioner had forfeited that right. A Defendant's Sixth Amendment confrontation rights are forfeited when one "obtains the absence of a witness." Davis v. Washington, 547 U.S. 813, 833 (2006). The trial court held a Sirois hearing at which the judge determined that the prosecutor had shown by clear and convincing evidence that the victim-witness' unavailability at trial was procured by petitioner's wrongdoing. Introduction at the hearing and at trial of expert testimony and evidence of Battered Women Syndrome was also properly admissible.

Magistrate Judge Francis also properly found that the alleged prosecutorial misconduct during summation did not amount to serious misconduct given a prosecutor's wide latitude during summation, the Judge's immediate limiting instructions, and the relative unimportance of the statements to Petitioner's conviction. See United States v. Thomas, 377 F.3d 232, 245 (2d

Cir. 2004) (in assessing a prosecutorial misconduct claim on a writ, a court must consider: "(1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the certainty of conviction absent the improper statements.").

Petitioner did not object to Magistrate Judge Francis' conclusions regarding the first degree assault charge and this Court does not find them facially erroneous.

Finally, as Petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d. Cir. 1998); United States v. Perez, 129 F.3d 255, 259-060 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). Moreover, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Malley v. Corporation Counsel of the City of New York, 9 Fed. App'x. 58, 60 (2d Cir. 2001).

## Conclusion

This Court adopts the Report and Recommendation in its entirety. The petition for a writ of habeas corpus is DISMISSED.

Dated: May 31, 2011
      New York, New York

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge